■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FLOYD E. HASKINS, Appellant.— Motion for permission to proceed as a poor person and assignment of counsel denied on the ground the appeal was not timely taken. Gibson, P. J., Herlihy, Reynolds, Aulisi and Hamm, JJ., concur.

■ MILLER FARMS, INC., Respondent, v. RICHARD SMITH et al., Appellants.— Motion to dismiss appeal denied as premature, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Hamm, JJ., concur.

■ SOUTHERNTIER TREE FARMS, INC., Respondent, v. RICHARD SMITH et al., Appellants.— Motion to dismiss appeal denied as premature, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Hamm, JJ., concur.

## (November 17, 1964)

■ LOUIS J. DE CRESCENTE, as Administrator of the Estate of JAMES A. DE CRESCENTE, Deceased, Appellant, v. COUNTY OF WASHINGTON, Respondent. SANTO CIULLA, as Administrator of the Estate of CARL F. CIULLA, Deceased, Appellant, v. COUNTY OF WASHINGTON, Respondent. LEE PHELPS, as Administratrix of the Estate of DAVID G. PHELPS, Deceased, Appellant, v. COUNTY OF WASHINGTON, Respondent.— These appeals from judgments entered in actions for alleged wrongful deaths upon jury verdicts in favor of defendant and from orders denying plaintiffs' motions to set them aside involve only factual issues which the jury was warranted in resolving as it did. Judgments and orders affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Hamm, JJ., concur.

■ JESS F. HOWES, Respondent, v. PECKHAM ROAD CORPORATION, Now PECKHAM INDUSTRIES, INC., Appellant.—HERLIHY, J. Appeal from a judgment awarding damages to the plaintiff. The facts are set forth in our prior decision. (See 14 A D 2d 940.) The theory of the action was that following the termination of a rental contract, the defendant failed to return the rented crusher within a reasonable time. From the testimony, the trial court properly found that the crusher had not been returned within a reasonable time and that the rental value of the machinery was $100 per day. The retention was unauthorized, but by reason of seasonal and other factors and of plaintiff's obligation to mitigate his damage, the trial court properly limited damage to that incurred in but one month within the period of detention. Judgment modified, on the law and the facts, so as to award interest from April 28, 1960 only, and as so modified, affirmed, without costs. Gibson, P. J., Reynolds, Aulisi and Hamm, JJ., concur.